IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

GREG E. LINDBERG,

Plaintiff,

v.

HUGH STEVEN WILSON; CHRIS NICKERSON; UK ATLANTA HOLDINGS LLC; DAMOVO GLOBAL SERVICES (UK) LIMITED; DAMOVO DEUTSCHLAND GMBH & CO. KG; DAMOVO IRELAND LIMITED; DAMOVO SCHWEIZ AG; DAMOVO LUXEMBOURG S.à R.L.; DAMOVO COSTA RICA SRL; and JOHN DOE BUYER COMPANY,

Defendants.

Civil Action No. 1:26-cv-03939-GPG

District Judge Gordon P. Gallagher

**[PROPOSED] ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE ORDER OF SEPTEMBER 21, 2026 (DOC. 13)**

THIS MATTER is before the Court on Plaintiff's Motion for Reconsideration of the Order of September 21, 2026 (Doc. 13) (the "Motion"). The Court has reviewed the Motion, the Declaration of Greg E. Lindberg and Exhibits 1 through 13 thereto, the record in this action, and the filings of record in United States v. Lindberg, Nos. 5:19-cr-22 and 3:23-cr-48 (W.D.N.C.), of which the Court takes judicial notice as to their existence and the positions stated in them. Being fully advised, the Court finds that reconsideration is warranted to correct clear error and prevent manifest injustice.

IT IS THEREFORE ORDERED that:

1. The Motion is GRANTED.

2. Plaintiff's request to be heard under Fed. R. Evid. 201(e) is GRANTED. The Court takes judicial notice of the existence and contents of Exhibits 1 through 13 to the Motion for the positions stated therein by the Special Master, the United States, the United States District Court for the Western District of North Carolina, and the movants in Causey v. Southland National Insurance Corp., No. 19CVS008664-910 (Wake Cnty. Super. Ct.).

3. The Order of September 21, 2026 (Doc. 13) is VACATED insofar as it (a) characterized this action as a collateral attack on the proceedings in the Western District of North Carolina, (b) declined to exercise jurisdiction on the ground that those proceedings oversee the disposition of the Damovo Group, and (c) denied Plaintiff's Emergency Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 11) with prejudice. The denial of ex parte relief under Fed. R. Civ. P. 65(b) is without prejudice.

4. Plaintiff's request for a preliminary injunction (Doc. 11) is set for expedited briefing and hearing on notice under Fed. R. Civ. P. 65(a). Any Defendant opposing the request shall file a response on or before ____________, 2026. Plaintiff may file a reply within seven (7) days after the last response is filed. A hearing is set for ____________, 2026, at ______ __.m., in Courtroom ______. Plaintiff shall be permitted to attend and participate by video conference, and the Clerk shall coordinate the necessary arrangements with Plaintiff.

5. Pending the hearing and further order of the Court, Defendants, and each of them, shall give Plaintiff and the Court not less than fourteen (14) days' written notice before the closing of any sale, transfer, assignment, or other disposition of the Damovo Group of companies, of any equity interest therein, or of all or any material portion of its assets outside the ordinary course of business, and shall identify in that notice the proposed acquirer and the date of the proposed closing.

6. Plaintiff shall serve a copy of this Order on each Defendant by e-mail and first-class mail within two (2) days of its entry and shall file a certificate of service.

SO ORDERED.

DATED this _____ day of ____________, 2026.

BY THE COURT:

______________________________

Gordon P. Gallagher
United States District Judge